IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEAN R. JOHNSON AND <br> JIMMIE PEARL JOHNSON, <br><br> Plaintiffs, <br><br> v. <br><br> RANDALL'S FOOD MARKETS, INC., <br> AND RETAIL MERCHANDISING <br> SOLUTIONS, INC., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 3:10-CV-1286-BK |

## MEMORANDUM OPINION AND ORDER

Pursuant to the parties' written consent and the District Court's *Order of Transfer* dated July 26, 2010, this case is assigned to the undersigned United States Magistrate Judge for disposition, in accordance with 28 U.S.C. § 636(c). Before the Court are Plaintiffs' *Motion to Remand, and Brief in Support*, filed July 27, 2010, *Defendant Retail Merchandising Solutions, Inc's Opposition to Plaintiffs' Motion to Remand and Brief in Support*, filed August 17, 2010, Plaintiffs' *Reply Brief in Support of Motion to Remand*, filed August 30, 2010, and *Defendant Randall's Food Markets, Inc.'s Response to Plaintiffs' Reply to Retail Merchandising Solutions, Inc.'s Response to Plaintiffs' Motion to Remand*, filed August 31, 2010. Based on the pleadings, evidence, and applicable law, the Court finds that Plaintiff's motion is well taken. Accordingly, Plaintiffs' motion to remand is **GRANTED** and the case is remanded to the Dallas County Court at Law No. 3.

# I. BACKGROUND

On February 9, 2010, Plaintiffs Dean Johnson and Jimmie Pearl Johnson filed an Original Petition in Dallas County Court at Law No. 3 against Randall's Food Market, Inc., a division of Safeway, d/b/a Tom Thumb Stores ("Randall's"). *See Notice of Removal*, Ex. 7 (Doc. # 1 at 7). The petition alleged a claim of negligence against Randall's, but failed to specify the citizenship of either Plaintiff. *Id.* After being served with process, Randall's filed its Original Answer on March 12, 2010. *Notice of Removal* Ex. 6 (Doc. # 1 at 6). On April 8, 2010, Plaintiffs served discovery responses and produced documents that indicated Plaintiffs and Defendant Randall's were citizens of different states and that the amount in controversy exceeded $75,000. *See Notice of Removal* Ex. A (Doc. #1 at 1). On May 10, 2010, Randall's served discovery responses that, for the first time, identified Retail Merchandising Solutions ("RMS") as a potential party. (Doc. 8 at 22, 25). Plaintiffs filed an amended petition adding RMS as a defendant on June 8, 2010, and served RMS on June 21, 2010. *See Notice of Removal* Ex. 5 (Doc. # 1 at 5). On June 30, 2010, RMS filed its *Notice of Removal* in this Court. (Doc. # 1 at 1-4). Randall's joined in the *Notice of Removal*. *Id*.

On July 2, 2010, the District Court issued a scheduling order requiring the parties to participate in a status conference and file a joint status report by August 6, 2010. (Doc. # 2). On July 22, 2010, the parties submitted their *Joint Report* requesting to proceed to jury trial before the undersigned. (Doc. # 6). On July 26, 2010, the parties filed their consent to proceed before the United States Magistrate Judge. Plaintiffs filed a *Motion to Remand and Brief in Support* on July 27, 2010. (Doc. # 7).

# II ANALYSIS

District courts have original jurisdiction in civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A defendant may remove any civil action brought in state court over which the United States District Court has original jurisdiction. 28 U.S.C. § 1441(a). The notice of removal by the defendant must be timely filed within 30 days of proper notice that the case has become removable. 28 U.S.C. § 1446(b).

"In the absence of waiver of the time limit by the plaintiff, or some equitable reason why that limit should not be applied, however, a defendant who does not timely assert the right to remove loses that right." *Brown v. Demco*, Inc., 792 F.2d 478, 481 (5th Cir. 1988). Because all defendants must join in the removal petition, the general rule in the Fifth Circuit is that if the first-served defendant does not effect a timely removal, subsequently served defendants cannot remove. *Id.* In some cases, "[e]xceptional circumstances might permit removal even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served." *Id.* In such cases, it is within the Court's discretion to determine whether the plaintiff's conduct amounts to a waiver of the right to remand. *Johnson v. Odeco Oil & Gas Co.*, 864 F.2d 40, 42 (5th Cir. 1989). Still, the removal statute is "to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Id*.

Here, the facts establish that the *Notice of Removal* was untimely. Randall's, the first defendant served, failed to file for removal within 30 days of April 8, 2010, the date by which it was on notice that the case was removable. Randall's contends that it is, and was at the time this case was filed in state court, a citizen of the State of California, its "principal place of business."

3

(*Notice of Removal* at 2-3). Although Plaintiffs did not indicate their state of citizenship in their original petition, they did list their Texas addresses in their April 8, 2010, response to Defendant Randall's first set of interrogatories. (Doc. # 8 at 8, 11). Moreover, they provided Randall's with copies of their driver's licenses, also listing Texas addresses, on that same date. (Doc. # 8 at 19-20). Thus, Randall's was on notice at least by April 8, 2010, that this action was removable based on the diversity of citizenship of the parties, making the deadline for filing its notice of removal May 13, 2010. However, Randall's did not file a notice of removal, and it did not join RMS's notice of removal until June 30, 2010, well beyond the 30-day deadline. *See Brown*, 792 F.2d at 481 (where a defendant has "waived the right to seek removal directly," he is also "precluded from joining in a removal").

RMS, as a subsequently-served defendant, is prohibited from removing the case unless the Court finds that Plaintiffs' conduct amounted to a waiver of the right to remand. *See Id*. (if the first served defendant does not effect a timely removal, subsequently served defendants cannot remove). Defendants argue that Plaintiffs' jury demand, as well as their consent to have this case heard before the magistrate judge, amounts to a waiver of this statutory right because remanding the case now would constitute the type of affirmative conduct offensive to principles of fundamental fairness. (Def. Br. at 2-3). Defendants' argument is not supported by the facts, however. Although the *Joint Report* filed in this court indicates that all parties consent to jury trial before the magistrate judge (*Joint Report* at 3), Plaintiffs' actual jury <u>demand</u> was made in state court. (Notice of Removal, attachment 7 at 5). Further, the motion to remand was filed within a day of the request to proceed before a magistrate judge. (Doc. ## 7, 9).

Defendants also contend that Plaintiffs' four-month delay in naming RMS as a party to

4

the suit prejudiced RMS' right to remove. (Def. Br. at 3). Defendants contend that "Plaintiff had knowledge of a 'frozen food reset' as early as February 9, 2010," based on Plaintiff's Original Petition and discovery requests. *Id*. However, Defendants offer no evidence that Plaintiffs knew that RMS was a proper party to this case before being informed of that fact by Randall's. Indeed, Defendants admit that it was not until May 12, 2010, in response to Plaintiffs' interrogatories and requests for disclosures, that Randall's provided specific details regarding RMS. (Def. Br. at 2). More importantly, Defendants offer no proof that Plaintiffs were aware that RMS was a proper defendant within the 30-day time limit for removal, or that by not adding RMS as a party sooner, Plaintiffs engaged in forum manipulation. Thus, this case does not present the sort of exceptional circumstances which warrant the exercise of the Court's discretion to permit removal outside of the 30-day limit.

### III. ATTORNEY'S FEES

Plaintiffs have requested attorneys' fees under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiffs allege that "RMS had no objectively reasonable basis for removing this action," and that RMS and Randall's "joined together in an improvident, procedurally defective removal," opposing remand even after the Plaintiffs "pointed [them] to the controlling precedent." (Pl. Br. at 5). While the Court finds Defendants' challenge to Plaintiffs' motion to remand objectively reasonable, it takes issue with Defendants' initial attempt to remove. The evidence established that this case was removable on the basis of diversity jurisdiction before RMS was ever added as a party, based on Defendants' stand that Randall's is a California citizen. There is no evidence that Plaintiffs purposely delayed

naming RMS as a party, or that Defendants were prejudiced by that decision. Therefore, the Court does not find Defendants' belated attempt to remove objectively reasonable in light of Fifth Circuit precedent.

Accordingly, the parties are advised to reach a resolution, on or before **October 1, 2010**, as to the amount of Plaintiffs' attorneys' fees and costs incurred as a result of the removal. If they are unable to do so, by **October 15, 2010**, Plaintiffs may submit to the Court an itemized accounting of attorneys' fees and costs resulting from the removal and remand proceedings, and Defendants shall have **14 days thereafter** to file objections.

### III.  CONCLUSION

*Plaintiffs' Motion to Remand and Brief in Support* (Doc. # 7) is **GRANTED,** and the case is **REMANDED** to the Dallas County Court at Law No. 3.  Plaintiffs' request for attorneys' fees and costs under 28 U.S.C. § 1447(c) is also **GRANTED**.

**SO ORDERED** this 13th day of September, 2010.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE